Kenneth M. Motolenich-Salas (Bar No. 027499)
MotoSalas Law, PLLC
16210 North 63rd Street
Scottsdale, Arizona 85254
Telephone 202•257•3720
E-mail:   ken@motosalaslaw.com
*Attorney for Defendant Spyderpunk LLC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Elliot McGucken, | Case No. 2:20-CV-00491-SMB |
|---|---|
| Plaintiff, | **DEFENDANT SPYDERPUNK LLC'S ANSWER TO PLAINTIFF ELLIOT MCGUCKEN'S COMPLAINT (DOC. 1)** |
| v. | |
| Spyderpunk LLC, | |
| Defendant. | |

Defendant Spyderpunk LLC ("Defendant"), by and through undersigned counsel, hereby answers Plaintiff Elliot McGucken's ("Plaintiff") Complaint (Doc. 1) as follows:

1. Defendant admits that this is a civil action seeking damages and injunctive relief for purported copyright infringement, which Defendant denies, under the Copyright Act, 17 U.S.C. § 101 *et seq.*

2. Admitted.

3. Defendant admits that this Court has personal jurisdiction since it is a registered Arizona limited liability company and has a principal place of business in Arizona, but denies the remaining allegations of Paragraph 3.

4. Defendant admits that venue in this Court is proper because Defendant resides in Arizona, but denies the remaining allegations of Paragraph 4.

**PARTIES**

5. Defendant is without sufficient information to form a belief about the allegations in Paragraph 5 and, on that basis, denies them.

6.   Admitted.

7.   Defendant is without sufficient information to form a belief about the allegations in Paragraph 7 and, on that basis, denies them.

**PURPORTED FACTUAL ALLEGATIONS**

*Plaintiff Elliot McGucken*

8.   Defendant is without sufficient information to form a belief about the allegations in Paragraph 8 and, on that basis, denies them.

9.   Defendant is without sufficient information to form a belief about the allegations in Paragraph 9 and, on that basis, denies them.

10.  Defendant is without sufficient information to form a belief about the allegations in Paragraph 10 and, on that basis, denies them.

11.  Defendant is without sufficient information to form a belief about the allegations in Paragraph 11 and, on that basis, denies them.

12.  Defendant is without sufficient information to form a belief about the allegations in Paragraph 12 and, on that basis, denies them.

13.  Defendant is without sufficient information to form a belief about the allegations in Paragraph 13 and, on that basis, denies them.

14.  Defendant admits that McGucken has registered (i) approximately 43,601 photographs from 2014 under a group registration entitled "2014 Group Registration Photos, Dr. Elliot McGucken 45SURF Hero's Odyssey Mythology Fine Art Photography, published January 1st, 2014 to December 31st, 2014, Approximately 43,601 Photos" and bearing Registration No. VA0002089200 as indicated in a true and correct copy of the Copyright Office's online database record for such registration attached hereto as **Exhibit 1**, and (ii) approximately fourteen photographs from 2014 under a group registration entitled "Group Registration Photos; Elliot McGucken 45SURF Models, published from February 8th, 2014 to October 6th, 2014; 14 Photos" and bearing Registration No. VA0002085977 as indicated in a true and correct copy of the Copyright Office's online database record for such registration attached hereto as **Exhibit 2**, but is without sufficient information to form a

belief about the allegations in Paragraph 14 and, on that basis, denies them.

*Defendant Spyderpunk LLC*

15. Defendant admits that it is an apparel company, but denies the remaining allegations of Paragraph 15.

16. Denied.

17. Defendant admits that it has a social media account on Instagram and Pinterest, but denies the remaining allegations of Paragraph 17.

*Defendant's Alleged Infringing Conduct*

18. Defendant is without sufficient information to form a belief about the allegations in Paragraph 18 and, on that basis, denies them.

19. Defendant is without sufficient information to form a belief about the allegations in Paragraph 19 and, on that basis, denies them.

20. Defendant is without sufficient information to form a belief about the allegations in Paragraph 20 and, on that basis, denies them.

21. Defendant is without sufficient information to form a belief about the allegations in Paragraph 21 and, on that basis, denies.

22. Defendant is without sufficient information to form a belief about the allegations in Paragraph 22 and, on that basis, denies them.

23. Defendant is without sufficient information to form a belief about the allegations in Paragraph 23 and, on that basis, denies them.

24. Defendant is without sufficient information to form a belief about the allegations in Paragraph 24 and, on that basis, denies them.

25. Defendant admits that Plaintiff did not give Defendant permission to use any of Plaintiff's photographs, but denies that Defendant used any such photographs in violation of the Copyright Act or that Defendant removed Plaintiff's watermark. To the extent not addressed by the foregoing, Defendant denies the remaining allegations of Paragraph 25.

**FIRST CAUSE OF ACTION: PURPORTED COPYRIGHT INFRINGEMENT, 17 U.S.C. § 101 *ET SEQ.***

26. Defendant incorporates by this reference its responses to the preceding paragraphs as if they were fully restated herein.

27. Defendant admits that Plaintiff did not consent to, authorize, permit, or allow in any manner any use by Defendant of any of Plaintiff's photographs, denies that Defendant used any such photographs in violation of the Copyright Act. To the extent not addressed by the foregoing, Defendant denies the remaining allegations of Paragraph 27.

28. Denied.

29. Defendant is without sufficient information to form a belief about the allegations in Paragraph 29 and, on that basis, denies them.

30. Denied.

31. Denied.

32. Denied.

**SECOND CAUSE OF ACTION: PURPORTED FALSIFICATION, REMOVAL, AND ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION, 17 U.S.C. § 1202**

33. Defendant incorporates by this reference its responses to the preceding paragraphs as if they were fully restated herein.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Defendant is without sufficient information to form a belief about whether Plaintiff has sustained significant injury and monetary damages and denies the allegation that Defendant has committed any wrongful acts or that any wrongful acts, if committed, have resulted in significant injury or monetary damages to Plaintiff. To the extent not addressed by the foregoing, Defendant denies the remaining allegations of Paragraph 39.

40. Defendant denies it violated 17 U.S.C. § 1202, but is without sufficient

4

information to form a belief about the remaining allegations in Paragraph 40 and, on that basis, denies them.

**Affirmative Defenses**

41. Defendant incorporates by reference its responses contained in the previous paragraphs of this Answer as though fully set forth herein.

42. <u>Failure to State a Claim</u>: Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c), the Complaint fails to state any claim on which relief can be granted.

43. <u>Waiver</u>: By virtue of the statements, conduct, agreements, and/or omissions of Plaintiff, Plaintiff has waived any and all rights which Plaintiff claims under the facts alleged in the Complaint under the doctrine of waiver.

44. <u>Good Faith/Innocent Intent</u>: Plaintiff's claims are barred in whole or in part because Defendant's conduct at all times was done in good faith and with non-willful intent.

45. <u>No Wrongfulness</u>: None of the actions alleged in the Complaint to have been taken by Defendant is wrongful and, as such, Defendant has not violated any valid right owned by Plaintiff.

46. <u>No Causation of Damages</u>: One or more claims is barred in whole or in part because none of the Defendant's alleged conduct actually, directly, or proximately caused any of the losses or damages allegedly sustained by Plaintiff.

47. <u>No Willfulness</u>: To the extent that the actions of Defendant constitutes a violation of a right owned by Plaintiff, such actions were not willful, intentional, wanton, or otherwise wrongful. As such, Defendant is not liable for exemplary or enhanced damages since no Defendant or any of its officers, directors, employees, or managing agents acted intentionally, wantonly, or willfully to commit any infringing or otherwise unlawful act proscribed under federal law as alleged in the Complaint.

48. <u>Adequacy of Remedy at Law</u>: The alleged injury or damages suffered by Plaintiff, if any, and if proven, could be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek or obtain equitable relief.

49. <u>Fair Use (Derivative Work)</u>: The claim of copyright infringement is barred in whole or in part on the grounds that Defendant's use of, reproduction of, display of, performance of, and/or creation of a derivative work based on any of Plaintiff's photographs is a fair use of the work under Section 107 of the Copyright Act (17 U.S.C. § 107).

50. <u>Fair Use (Copyrighted Work)</u>: The claim of copyright infringement is barred in whole or in part on the grounds that Defendant's creation, use, display, reproduction, or performance of any of Plaintiff's photographs is a fair use under Section 107 of the Copyright Act (17 U.S.C. § 107).

51. <u>Independent Creation</u>: Plaintiff's claim fails as a matter of law because Defendant independently created the alleged infringing work without copying any of Plaintiff's photographs.

52. <u>Third Party Liability</u>: Plaintiff's claims are barred to the extent that the acts and/or omissions of persons or entities other than Defendant caused and contributed to the alleged damage of which Plaintiff complains against Defendant.

53. <u>Reservation of Rights</u>: Defendant reserves the right to add, amend, or withdraw any one or more affirmative defenses as further investigation or discovery so dictates.

## Jury Demand

54. Pursuant to Fed. R. Civ. P. 38, Defendant demands a jury as to issues so triable.

## Prayer for Relief

WHEREFORE, Defendant respectfully requests that the Court:

A. Enter judgment in Defendant's favor on Plaintiff's claims, dismissing the claims with prejudice.

B. Award Defendant its reasonable costs and fees, including attorneys' fees pursuant to 17 U.S.C. § 505.

C. Grant Defendant such other and further relief as the Court may deem just and proper.

1  RESPECTFULLY SUBMITTED this 20th day of April, 2020.

MotoSalas Law, PLLC


By:*/s/Kenneth M. Motolenich-Salas*
Kenneth M. Motolenich-Salas (027499)
16210 North 63rd Street
Scottsdale, Arizona 85254
ken@motosalaslaw.com
(202) 257-3720
*Attorney for Defendant Spyderpunk LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of April, 2020, I electronically transmitted the foregoing document and all exhibits thereto to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants of record in this matter.

By: */s/ Kenneth M. Motolenich-Salas*